## McCaffrey v. Boner, Executrix

*Richard A. Brown*, for plaintiff.
*Keith, Bigham & Markley*, for defendant.

SHEELY, P. J., September 30, 1939.—This is a petition by defendant, appearing de bene esse under rule 29 of the Pennsylvania Rules of Equity Practice, to strike off and set aside service of the bill in equity. An answer to the petition has been filed by plaintiff and a replication to the answer has been filed by defendant. No testimony has been taken on either side.

The basis of defendant's petition is that the return of the sheriff shows that the bill was served upon "Franklin Bigham, a member of the law firm of Keith & Bigham, Gettysburg, Adams County, Pa." This return is defective in that it fails to show service upon defendant or any connection between Mr. Bigham and defendant which

would make service upon him effective as to defendant: Lackey v. Loh et al., 25 Dist. R. 92; Romich v. Lymbach et al., 9 D. & C. 798; Miller, to use, v. Swayne et al., 2 Schuyl. L. R. 236. Plaintiff has proceeded to argument upon the motion to strike off service without moving to amend the return so that, as the record stands, the motion to strike off service would have to be granted upon this ground alone.

In his answer plaintiff sets forth facts upon which he bases a contention that the service of the bill upon Mr. Bigham was valid service upon defendant because Mr. Bigham was the attorney for defendant. Assuming that the return of the sheriff had been amended to state this fact, and that the allegations were true, we would be confronted with an attempt to bring a nonresident defendant within the jurisdiction of this court by the adverse service of process upon his attorney. No provision is made by the Equity Rules for service in this method, and we know of no authority in the law for substituted service upon a nonresident defendant (other than insurance companies, motor vehicle operators, and others for whom special provision is made), except section 1, clause 1(e) of the Act of July 9, 1901, P. L. 614, 12 PS §291 (which has been questioned as applied to nonresident defendants: Dodson Coal Co. v. Delano, Trustee, 47 Pa. C. C. 127), or section 1 of the Act of May 4, 1852, P. L. 574, 12 PS §291a. These statutes, however, apply only to defendants engaging in business within the county, and prescribe the conditions under which service may be made upon their business agents. Those conditions are not met in the return of service in this case and there is no allegation that defendant is engaged in business in Adams County. On the contrary, it is alleged that defendant is the executrix under the will of her husband. There is also a vast difference between an attorney and the business agent of a party.

Undoubtedly, an attorney may be authorized by his client to accept service of process and thereby submit his client to the jurisdiction of a court, although even this

cannot be done without express authority: Stone v. Bank of Commerce, 174 U. S. 412. But the mere granting of a power of attorney to collect money for the client does not constitute the attorney an agent on whom service of process can be made in a suit against the client: Lackey v. Loh et al., supra; Lackey v. Donnelly, 25 Dist. R. 771; Lancaster Trust Co. v. Bertz, 12 D. & C. 155; Brown v. Douglass, 43 Pa. C. C. 464. In the latter case, service upon attorneys was described as "simply an attempt to invent a new kind of service, which, for lack of legal sanction, is inefficacious to subject the persons named as defendants to the jurisdiction of this court . . .".

Plaintiff has filed no brief and has called our attention to no cases in support of his position. For the reasons stated above the motion to strike off service of the bill must be granted.

And now, September 30, 1939, service of the bill in equity in the above-captioned matter is stricken off and set aside.